IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONTE RASHAD LINDSAY, #17022498, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL CASE NO. 3:17-CV-1579-N-BK | |
| § | | |
| J. RADFORD, et al., § | | |
| Defendants. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this prisoner civil rights case was automatically referred to the United States magistrate judge. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be summarily **DISMISSED** in part.

On June 14, 2017, Plaintiff, a pretrial detainee, filed a *pro se* complaint under 42 U.S.C. § 1983, against the City of Dallas and Dallas Police Officers J. Radford and Ricardo Grajeda. Doc. 3 at 1, 3. He claims the officers used excessive force against him after he had been arrested, handcuffed, and placed in the backseat of a police car. Doc. 3 at 4. Plaintiff seeks compensatory damages for physical and mental injuries. *Id.* Because Plaintiff failed to allege any facts in support of his claims, the Court issued two questionnaires. Doc. 11; Doc. 15.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however,

Plaintiff's complaint fails to state a claim upon which relief can be granted against the City of Dallas. *See* 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) (providing for judicial screening and *sua sponte* dismissal of a complaint that fails to state a claim).

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The City of Dallas, as a local governmental entity, cannot be held liable under a *respondeat superior* theory. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978) ("a local government may not be sued under §1983 for an injury inflicted solely by its employees or agents."); *Gates v. Tex. Dep't of Protective & Regulatory Servs.,* 537 F.3d 404, 436 (5th Cir. 2008) ("It is well established that governmental liability under § 1983 must be premised on a government policy or custom that causes the alleged constitutional deprivation."). Plaintiff's complaint and answers to the first questionnaire allege no facts that would support an inference that the police officers acted pursuant to a policy or custom. Doc. 3 at 4; Doc. 12 at 9. In the latter, he vaguely references training procedures, which he intimates were not followed. Doc. 12 at 9. However, his statement is conclusory and fails to meet the necessary standard to properly state a claim for relief. *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## V. LEAVE TO AMEND

A *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). While Plaintiff has clearly failed to state a viable claim against the City of Dallas in his complaint or in his responses to the Magistrate Judge's Questionnaire, it is not certain that it is impossible for Plaintiff to do so. Moreover, because the Court recommends dismissal *sua sponte*, Plaintiff has not yet been given the opportunity to file a curative complaint. Thus, at this juncture, Plaintiff's claims against the City of Dallas should be dismissed without prejudice to his ability to state a viable claim <u>with the requisite factual enhancement</u>, if possible.

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claim against the City of Dallas be summarily **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A(b).[1]

**SIGNED** November 22, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Contemporaneously with this recommendation, the Court has ordered that process issue on Plaintiff's excessive force claim against Defendants Radford and Grajeda.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE