**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DONTE RASHAD LINDSAY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 3:17-CV-1579-N-BK** |
| | § | |
| **J. RADFORD, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management.  As detailed below, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of prosecution and failure to obey a Court order.

**A.  Procedural History**

On June 14, 2017, the Clerk of the Court mailed *Instructions to a Non-Prisoner Pro Se Plaintiff*, advising Plaintiff, who was then in the Dallas County Jail, that he must notify the Court if his addressed changed, and warning him that if he did not do so, his case might be dismissed. Doc. 2.  Thereafter, the Court issued an order directing the parties to submit proposed scheduling orders by March 28, 2018, which was also mailed by the Clerk.  Doc. 29.  However, on March 13, 2018, two documents that had been mailed from the Court to Plaintiff were returned to the Court stamped "RETURN TO SENDER – NOT IN DALLAS COUNTY" and "NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD."  Doc. 31.  As of the date of this recommendation, Plaintiff has failed to apprise the Court of his new address nor did he submit a proposed scheduling order or seek an extension of time to do so.

**B. Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Plaintiff has been given ample opportunity to comply with the Court's orders. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**C. Recommendation**

For the foregoing reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for lack of prosecution.

**SIGNED** March 30, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3